# United States District Court
## for the
## DISTRICT OF MARYLAND

MAR 0 1 2006

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

U.S.A. vs. David Shelton White                                Docket No. 8:00CR00232

FILED
MAR 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### Petition on Supervised Release

COMES NOW Elizabeth Baxter PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of David Shelton White who was placed on supervision for **Possession of Firearm by Convicted Felon** by the Honorable Deborah K. Chasanow, U.S. District Judge, sitting in the court at Greenbelt, Maryland, on the 6th day of September, 2000 who fixed the period of supervision at **3 year(s)** *, and imposed the general terms and conditions theretofore adopted by the court and also imposed additional conditions and terms as follows:

* Committed to custody of Bureau of Prisons for 40 months, followed by supervised release for a term of 3 year(s).

1. The defendant is instructed to pay a Special Assessment in the amount of $10.00.
2. The defendant is instructed to pay a fine in the amount of $1,000.00.

On December 8, 200, Mr. White appeared before Your Honor for a violation of probation hearing. He was found guilty of the violations. He was sentenced to time served, with 21 months supervised release to follow. Also ordered were the following additional conditions:

1. The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer.
2. The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling and testing as deemed necessary by the probation officer.
3. The defendant shall be placed on home detention for a period of (4) months and abide by all the requirements of the program which will include electronic monitoring or other location verification systems. During this time the defendant shall be restricted to his/her place of residence except for activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without any "call forwarding", "Caller ID", "call waiting" modems, answering machines, cordless telephone, or other special services for the above period. The defendant is to pay the costs of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be on a schedule as directed by the probation officer.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

PRAYING THAT THE COURT WILL ORDER a warrant be issued for the arrest of David Shelton White for alleged violations of probation or term of supervised release;

ORDER OF COURT
Considered and ordered as prayed this 1st day of March, 2006 and ordered filed and made a part of the records in the above case.

_____
Deborah K. Chasanow
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

_____
Elizabeth Baxter, Electronic Monitoring Specialist

Place Greenbelt, Maryland

Date February 14, 2006

# United States District Court
## for the
## DISTRICT OF MARYLAND

U.S.A. vs. David Shelton White  
Docket No.: 8:00CR00232

Petition on Supervised Release

Page 2

WHEREAS: Mr. White in violation of the Statutory Condition which states that: The defendant shall not commit any federal, state or local crime. On January 25, 2006, Mr. White was arrested by the Metropolitan Police Department in Washington, DC, on the charges of Assault-Second Degree and Malicious Destruction of Property Value Greater than $500.00 (case #006E00261988) Mr. White was also served with a Temporary Protective Order which was issued January 24, 2006.

WHEREAS: Mr. White in violation of Standard Condition number 3 which states that: The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer. On January 9, 2006, Mr. White untruthfully this officer that he would not be able to keep his intake appointment with the Family Health Center, because he was on a 90 day probationary period with his job and he would be fired.

WHEREAS: Mr. White in violation of Standard Condition number 11 which states that: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Mr. White failed to notify the Probation Office of his arrest on January 25, 2006.

WHEREAS: Mr. White in violation of Standard Condition number 12 which states that : The defendant shall notify the probation officer within seventy-two hours of being charged with any offense including a traffic violation. Mr. White failed to notify the Probation Office of his arrest on January 25, 2006.

WHEREAS: Mr. White in violation of Special Condition which states that: The defendant shall satisfactorily participate in a treatment program approved by the probation officer relating to substance and/or alcohol abuse, which may include evaluation, counseling, and testing as deemed necessary by the probation officer. Mr. White failed to report to Family Health for his intake and individual counseling sessions on January 5, 2006 January 13, 2006, and January 25, 2006.

WHEREAS: Mr. White in violation of Special Condition which states that: The defendant shall satisfactorily participate in a mental health treatment program approved by the probation officer, which may include evaluation, counseling and testing as deemed necessary by the probation officer. Mr. White failed to report to Family Health for his intake and individual counseling sessions on January 5, 2006 January 13, 2006, and January 25, 2006.